40,661-3D

TEXAS COURT of CRIMINAL APPEALS
P.O. BOX 12308
CAPITOL STATION
AUSTIN, TEXAS 78711

DATE 2-25-15

RECEIVED IN
COURT OF CRIMINAL APPEALS

MAR 03 2015

Abel Acosta, Clerk

RE: MOTION FOR LEAVE

RE: EXTRAORDINARY WRIT

CLERK, ENCLOSED IS MOTION FOR LEAVE TO FILE THE ATTACHED EXTRA ORDINARY WRIT WITH EXHIBIT #1 ATTACHED THERETO. PLEASE FILE WITH THE COURT.

ELIGAH DARNELL JR #1695278

CLEMENTS UNIT

9601 SPUR 591

AMARILLO, TEXAS 79107-9606.

RESPECTFULLY,

Eligah Darnell Jr

PETITIONER

IN RE ELIGAH DARNELL JR

§
§
§
§
§
§
§
§
§

COURT OF CRIMINAL APPEALS
STATE OF TEXAS

## MOTION FOR LEAVE

TO THE HONORABLE JUDGES OF SAID COURT COMES NOW, ELIGAH DARNELL JR, AND FILES MOTION FOR LEAVE TO FILE EXTRAORDINARY WRIT. TEX. R. APP. PROC. 72.1 . IN THE INTEREST OF JUSTICE A MOTION FOR LEAVE TO FILE IS REQUESTED FOR THE FOLLOWING REASONS:

### I.

LEAVE TO FILE IS NECESSARY TO UPHOLD AND ENFORCE THIS COURTS JUDGMENT IN THOMPSON V STATE 9 S.W. 3d 808 (TEX. CR. APP. 1999) WHICH HAS NOT BEEN OVERULED BY ANY OTHER COURT RULING.

### II.

TO CONSIDER RECORD EVIDENCE SUBMITTED IN SUPPORT OF A FINDING THAT THE EXCEPTION ARTICULATED IN EX PARTE TORRES 943 S.W. 2d 469 (TEX. CR. APP. 1997) HAS BEEN MET IN WR. 40,661-29 AND THAT AN OPPORTUNITY TO CONDUC

(1-2)

A DEDICATED HEARING TO CONSIDER THE FACTS, CIRCUMSTANCES, AND RATIONALE BEHIND COUNSELS ACTIONS AT TRIAL.

## III

SO THAT REGULARITY IN STATE POST CONVICTION PROCEEDINGS MAY OCCUR, DUE COURSE OF LAW UNDER THE TEXAS CONSTITUTION AND DUE PROCESS UNDER THE 14TH AMENDMENT MAY OCCUR.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, PETITIONER PRAY THE COURT GRANT LEAVE TO FILE EXTRAORDINARY WRIT OF HABEAS CORPUS.

RESPECTFULLY,

ON THIS _25_ DAY OF _FEBRUARY_ 2015

_Elijah Darnell Jr_
PETITIONER

(2-3)

IN RE ELIGAH DARNELL JR

§
§
§
§
§
§
§
§
§

COURT OF CRIMINAL APPEALS

STATE OF TEXAS

## EXTRA ORDINARY WRIT

TO THE HONORABLE JUDGES OF SAID COURT COMES ELIGAH DARNELL JR AND FILES EXTRA ORDINARY WRIT SEEKING RECALL OF THE MANDATE ISSUED IN WR-40,661-29 IN THE INTEREST OF JUSTICE. IN SUPPORT THE PETITIONER PROVIDES AS FOLLOWS:

## PRECEDENT

THIS COURT OWN PRECEDENT STATE THAT WHEN THERE IS NO EVIDENCE IN THE RECORD OF TRIAL COUNSELS STRATEGY, OMISSION REASONING, THERE IS INSUFFICIENT RECORD SUPPORT ON DIRECT APPEAL TO DECIDE AN INEFFEC-TIVE ASSISTANCE OF COUNSEL CLAIM THOMPSON V STATE 9 S.W.3d 808 (TEX. CRIM. APP. 1999)

(1-5)

THE HABEAS RECORD IN <u>WR-40,661-29</u> DOES NOT CONTAIN ANY EVIDENCE OF TRIAL COUNSELS STRATEGY, THIS COURT PRECEDENT HOLD THAT RECOURSE FOR THE CLAIM IS STILL AVAILABLE IN POST CONVICTION 11.07 V.A.C.C.P PROCEEDINGS FOR RECORD DEVELOPMENT. <u>OLOHAM V STATE</u> 977 S.W. 2d 354, 363 (TEX. CRIM. APP. 1998). (THIS WOULD PROVIDE AN OPPORTUNITY TO CONDUCT A DEDICATED HEARING TO CONSIDER THE FACTS, CIRCUMSTANCES, AND RATIONALE BEHIND COUNSELS' ACTIONS). PRECEDENT ALSO HOLD THAT THE GENERAL DOCTRINE THAT FORBIDS AN APPLICATION FOR WRIT OF HABEAS CORPUS AFTER DIRECT APPEAL DOES NOT APPLY IN THESE SITUATIONS, AND THE APPLICANT CAN RESUBMIT HIS CLAIM VIA APPLICATION FOR WRIT OF HABEAS CORPUS. <u>THOMPSON V STATE</u> 9 S.W. 3d <u>AT 814-815</u> (A HEARING WOULD ALLOW TRIAL COUNSEL HIMSELF TO EXPLAIN WHY NO OBJECTION WAS VOICED DURING THE PROCEEDINGS

## HABEAS COURT

THE STATE DISTRICT COURT RECOMMENDED APPLICATION OF <u>EX PARTE TORRES</u> 943 S.W. 2d 469, 475 (TEX. CRIM. APP. 1997). <u>EX PARTE ELIGAH DARNELL</u> NO. C-432- <u>010082-1197286-A</u>. THE STATE HABEAS COURT RECOMMENDATION IS CLEARLY CONTRARY TO THE COURT OF CRIMINAL APPEALS' PRECEDENT IN <u>THOMPSON V STATE</u> 9 S.W. 3d 808 (TEX. CRIM. APP. 1999).

(2-5)

...IS COURT DENIED WITHOUT A WRITTEN ORDER ON THE **FINDINGS** OF THE
...IAL COURT. WR-40,661-29 .

## RECORD SUPPORT

THE STATE'S VERY OWN REPLY BRIEF ON DIRECT APPEAL SUPPORT A
FINDING THAT THOMPSON V STATE 9 S.W. 3d 808 (TEX. CR. APP. 1999)
APPLIES TO THE CIRCUMSTANCES OF THIS CASE. SEE EXHIBIT #1
ATTACHED HERETO. THE STATE DIRECT APPEAL REPLY IS AS FOLLOWS:

"APPELLANT MAKES SEVERAL ALLEGATIONS OF INEFFECTIVE ASSISTANCE. THEY ARE
ALL MERITLESS FIRST BECAUSE THEY ARE BASED ON UNSUPPORTED FACTUAL
ASSERTIONS WHICH ARE OUTSIDE THE RECORD. FRANKLIN V STATE 693 S.W.2d
420, 431 (TEX. CR. APP. 1985). (ALSO CITING) EX PARTE PRESTON 833 S.W. 2d 515,
519 (TEX. CR. APP. 1992) (STATEMENTS AND ASSERTIONS CONTAINED IN AN APPELLATE
BRIEF CANNOT BE ACCEPTED AS FACT).

SECOND, APPELLANT'S CLAIMS OF INEFFECTIVE ASSISTANCE OF COUNSEL MUST BE
REJECTED BECAUSE HE HAS FAILED TO BRING FORWARD A RECORD SUPPORT
-ING HIS CLAIMS. (CITING) THOMPSON V STATE 9 S.W. 3d 808 (TEX. CR. APP. 199...
THE RECORD IS SILENT AS TO COUNSEL'S REASONS OR STRATEGY REGARDING THE
CHALLENGED ACTIONS (AND POSSIBLE INACTIONS) WITHOUT A RECORD SHOWING COUNSE...
EXPLANATIONS FOR APPELLANT'S PRESENT ACCUSATIONS, APPELLANT HAS FAILED TO
OVERCOME THE PRESUMPTION THAT THE CHALLENGED ACTIONS CONSTITUTED SOUN...

(3-5)

TRIAL STRATEGY AND HIS CLAIMS MUST FAIL. (CITING) BONE V STATE 77 S.W. 3d 828, 836 (TEX. CR. APP. 2002); THOMPSON 9 S.W. 3d AT 813-14."

THE STATES' OWN BRIEF ON DIRECT APPEAL CONFIRM THE FACT THAT THIS COURT DECISION IN THOMPSON V STATE 9 S.W. 3d 808 (TEX. CR. APP.) APPLY TO THE CIRCUMSTANCES OF THIS CASE AND THAT RECORD DEVELOPMENT IS AND SHOULD BE AVAILABLE IN EX PARTE ELIGAH DARNELL WR-40-,661-29 IMPLICATING DUE COURSE OF LAW UNDER TEXAS CONSTITUTION.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, APPLICANT PRAYS THE COURT IN THE INTEREST OF JUSTICE, WOULD CONSIDER THE FACTS STATED HEREIN, ALONG WITH THE RECORD EVIDENCE, AND GRANT LEAVE TO FILE EXTRAORDINARY WRIT; REMAND EX PARTE ELIGAH DARNELL WR-40,661-29 BACK TO 432ND DISTRICT COURT TARRANT COUNTY, TEXAS FOR RECORD DEVELOPMENT ON THE INEFFECTIVE ASSISTANCE OF COUNSEL CLAIMS BY WAY OF EVIDENTIARY HEARING.

ON THIS ___25TH___ DAY OF
___FEBRUARY___ 2015.

RESPECTFULLY,

*Eligah Darnell Jr*
_____
PETITIONER

(4-5)

## Declaration

I, ELIGAH DARNELL JR, THE PETITIONER IN THIS CASE IS PRESENTLY INCARCERATED IN THE CLEMENTS UNIT, 9601 SPUR 591, AMARILLO, TEXAS 79107-9606, DECLARE UNDER PENALTY OF PERJURY THAT, ACCORDING TO MY BELIEF, THE FACTS STATED IN THE ABOVE APPLICATION - WRIT ARE TRUE AND CORRECT.

SIGNED ON __2-25-15__

2015.

_Elijah Darnell Jr_
SIGNATURE OF PETITIONER

(5-5)

*EXHIBIT #1*

## STATE'S REPLY TO APPELLANT'S TENTH THROUGH THIRTY-FOURTH POINTS OF ERROR:

### *Ineffective assistance*

Appellant makes several allegations of ineffective assistance. They are all meritless first because they are based on unsupported factual assertions which are outside the record. *See* Franklin v. State, 693 S.W.2d 420, 431 (Tex. Crim. App. 1985), *cert. denied*, 475 U.S. 1031 (1986); *see also* Ex parte Preston, 833 S.W.2d 515, 519 (Tex. Crim. App. 1992) (statements and assertions contained in an appellate brief cannot be accepted as fact).

Second, Appellant's claims of ineffective assistance of counsel must be rejected because he has failed to bring forward a record supporting his claim. *See* Thompson v. State, 9 S.W.3d 808, 813-14 (Tex. Crim. App. 1999). The record is silent as to counsel's reasons or strategy regarding the challenged actions (and possible inactions). Without a record showing counsel's explanations for Appellant's present accusations, Appellant has failed to overcome the presumption that the challenged actions constituted sound trial strategy and his claims must fail. *See* Bone v. State, 77 S.W.3d 828, 836 (Tex. Crim. App. 2002); Thompson, 9 S.W.3d at 813-14.

Third, some of Appellant's claims of poor strategy are based on his already-discredited legal theory that indecency with a child is not a reportable conviction. Contrary to Appellant's view, it would probably have been unprofessional for any licensed attorney to proceed to defend Appellant based on this strategy.